**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

August 5, 2005

Hon. Dickinson R. Debevoise
United States District Court Judge
Martin Luther King Bldg. & Courthouse
Newark, New Jersey 07102

    RE:   United States v. Yosef Bleir
           Crim. No.  01-524

Dear Judge Debevoise:

    Please accept this letter in response to Mr. Fenstermaker's letter of June 16, 2005, in which he challenges, for the first time, the Court's authority to violate the defendant for breaching the conditions of his supervision by committing a new offense while serving a sentence of home confinement.

## I. Factual Background

    After being convicted of conspiring to import more than 15 kilograms of ecstasy into the United States, and serving a prison sentence on that charge, the defendant was placed on supervised release for a period of three years. His supervision commenced November 7, 2003.

    Bleir performed poorly on supervision. He was arrested for Possession of a Forged Instrument in New York City in February 2004. He was chronically evasive regarding where he was working and residing. On March 28, 2004, he went on a drug binge, and that evening, commencing at about 2:30 in the morning, he repeatedly called the Assistant United States Attorney who prosecuted him on his original drug charge at her home and made numerous personal and inappropriate comments. The defendant admitted to his probation officer that prior to making the calls, he snorted cocaine, ecstasy and the drug "Special K." The defendant further admitted that by doing so he violated the terms of his supervised release, and the defendant voluntarily agreed to enter a halfway house. As a result, on April 14, 2004, the conditions of the defendant's supervision were modified and he was ordered to reside at a community confinement center for a period of six months.

    The defendant entered the community confinement center on May 10, 2004, and was unfavorably discharged from the center

within about one month due to two incidents at the center.  The incidents involved an unauthorized absence and the defendant's refusal to submit to a breathalyzer.  A violation of supervised release petition was filed based upon the defendant's failure to comply with the rules of the community confinement center.  On September 8, 2004, Your Honor presided over a violation hearing regarding these incidents and found that the defendant had violated a condition of his supervised release.  On October 12, 2004, the Court revoked the defendant's previously imposed term of supervised release and sentenced the defendant to three months' home confinement with electronic monitoring and no supervision to follow.  A transcript of the October 12th sentencing hearing is attached hereto.

It took several weeks for Mr. Bleir to set up his electronic monitoring with the Probation Department.  The period of Mr. Bleir's house arreste commenced on November 23, 2004.  On February 4, 2005, while he was still on house arrest, Mr. Bleir was arrested in Brooklyn for speeding out of a gas station without paying for gas and leading police officers on a high-speed chase.  On February 17, 2005, Your Honor authorize the issuance of a summons charging Bleir with a violation of his supervision based upon the new offense he committed in Brooklyn on February 4, 2005.

On June 14, 2004, Your Honor presided over a second violation hearing.  Your Honor heard the testimony of Police Officer Powelette from the New York City Police Department concerning the defendant's theft of gasoline from the gas station in Brooklyn on February 4, 2005.  At the conclusion of the hearing, Your Honor found by a preponderance of the evidence that Bleir had committed a new state crime on February 4, 2005 in Brooklyn in violation of his supervision and sentenced the defendant to six months jail.  I am informed by Mr. Fenstermaker's letter of July 26, 2005, that the defendant is to surrender to serve this sentence on or before August 13, 2005.

At the June 14th violation hearing, while Mr. Fenstermaker throughly cross-examined P.O. Powelette, he never argued that the defendant was not technically under Probation's supervision while he was on house arrest, nor did he challenge Probation's authority to file the violation petition.

On June 16, 2005, two days after the hearing, Mr. Fenstermaker wrote the Court and argued, for the first time, that because the Court had revoked the term of supervised release previously imposed upon the defendant and imposed a sentence of three months' home confinement, the defendant was technically not

on supervised release and, therefore, could not have violated the conditions of supervision based upon his conduct at the gas station in Brooklyn on February 4, 2005. Mr. Fenstermaker states in his letter of June 16th that he is awaiting the October 12th sentencing transcript, and that if the transcript revealed that the Court had in fact orally informed the defendant that the defendant was no longer on supervised release, he would seek to vacate the defendant's pending six-month sentence.

It is my understanding that the Court has schedule a hearing on this matter for August 9, 2005, at 10:00 a.m.

**II.   Legal Analysis**

"Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." U.S.S.G. 5F1.2. No provision within Chapter 227 in Title 18 of the United States Code, which deals with sentences, authorizes home confinement as a stand-alone sentence. See Title 18, United States Code, Sections 3551(b), 3563(b)(19), and 3583(e). "There is no authority in federal law for imposing a free-standing sentence of home confinement." United States v. Bass, 233 F. 3d 536 (7th Cir.), cert. denied, 532 U.S. 986 (2001)(citing concurring opinion in United States v. Gilchrist, 130 F.3d 1131, 1137 (3d Cir. 1997), cert. denied, 523 U.S. 1023 (1998). In Bass, the defendant's original judgement provided for a period of home confinement to be followed by an additional period of supervised release. The Seventh Circuit held that, by operation of law, the period of supervision commenced when the period of the defendant's house arrest commenced, and the court interpreted the district court's judgement accordingly. Id. at 538.

In the instant case, on October 12, 2004, prior to the Court's revocation, the defendant was to be on supervised release until November 2006. Based upon the sentence Your Honor handed down on October 12, 2004, the Court revoked the three-year term of supervised release that was previously imposed and imposed a sentence of three months home confinement. By operation of law, that sentence is part and parcel of a three-month contemporaneous period of supervised release. And the continued condition that the defendant refrain from committing any new federal or state offenses was similarly statutorily mandated. Title 18, United States Code, Section 3583(d). Based upon the facts of this case, Probation's continued supervision of Mr. Bleir while he served his home-confinement sentence was abundantly apparent to the defendant. Bleir had to work with the Probation Department to set up his electronic monitoring. Bleir was informed that he had

to obtain permission from the Probation Department if he sought to be absent from his home during a time period when he was otherwise ordered to be there.

Mr. Fenstermaker's interpretation of the Court's October 12th sentence would render the sentence illegal and absurd.  It would, for example, permit the defendant to commit new crimes while serving his home-confinement sentence.  It would also permit the defendant to use narcotics in his home, and render the Court powerless to address such a violation.

Because the defendant was on supervised release during the period of his home confinement, the Probation Department's violation petition was valid.  Furthermore, because this Court has already made a finding that the defendant committed a new state offense during the period of his supervised release and home confinement, the Court's sentence of six months' imprisonment is also valid.

The Government opposes the postponement of the defendant's surrender date as requested in Mr. Fenstermaker's letter of July 26, 2005.  The Kings County Criminal Court can produce Bleir for his trial there in October.

                                        Respectfully submitted,

                                        CHRISTOPHER J. CHRISTIE
                                        United States Attorney

                                        /s/ Nancy Hoppock

                                        By: NANCY HOPPOCK
                                        Assistant United States Attorney

cc: Scott L. Fenstermaker, Esq.